## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 04 2019, 10:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel Hageman
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew S. Koressel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Sharon Louie,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 4, 2019

Court of Appeals Case No.
18A-CR-1856

Appeal from the Marion Superior Court

The Hon. Clayton A. Graham, Judge

Trial Court Cause No.
49G07-1801-CM-1030

**Bradford, Judge.**

# Case Summary

In July of 2018, the trial court sentenced Sharon Louie following her conviction for Class A misdemeanor operating a vehicle while intoxicated ("OWI"). The trial court sentenced Louie to four days of incarceration to be followed by 361 days of probation, stating in open court that Louie would not be required to pay any probation fees. The trial court also issued several documents, some of which indicated that Louie would pay no probation fees and others of which indicated that she would pay $340.00 in probation fees. Louie contends that the record establishes that the trial court did not intend to impose any probation fees, while the State argues the opposite. Because we agree with Louie, we remand with instructions to revise the record as necessary to reflect the imposition of no probation fees.

# Facts and Procedural History

On July 10, 2018, the trial court found Louie guilty of Class A misdemeanor OWI and sentenced her to 365 days of incarceration, with 361 days suspended to probation. Louie was also assessed a $200.00 statutory countermeasure fee and $185.50 in court costs. After Louie indicated that she had already completed an Advocates Against Impaired Driving ("AAID") destructive decision panel class and alcohol evaluation and treatment ("AET"), the trial court stated that Louie would not be assessed a $400.00 alcohol/drug services fee unless it turned out that she had not, in fact, completed the services. The trial court also stated,

> Ms. Louie will be permitted to go to non-reporting probation
> once it is verified that she's completed her AAID Destructive
> Decision Panel class, her alcohol evaluation and treatment, and
> she pays her Court costs in the amount of $185.50.
> [....]
>> So she's not going to be assessed a probation fee.
>> How soon can you pay your Court costs, ma'am,
> assuming that you've done everything else that you say that
> you've done, because that's going to determine certain probation
> fees.

Tr. Vol. II p. 56.

[3] Also on July 10, 2018, the trial court issued several post-hearing orders and documents. The trial court's hand-written minutes from the bench trial made no mention of probation fees, indicating that "PROB becomes non-reporting after AAID & AET completed & pmt of court costs[.]" Conf. App. Vol. II 59. Moreover, the probation order did not order the payment of any probation fees, with the spaces on the form for their entry left blank. Other portions of the record, however, do seem to indicate the imposition of $340.00 in probation fees, contradicting the trial court's statement at sentencing. Specifically, the chronological case summary, sentencing order, and order on fees and costs listed probation fees totaling $340.00.

# Discussion and Decision

[4] Both parties acknowledge the inconsistencies regarding the imposition of probation fees on Louie. Louie argues that the record, as a whole, indicates that the trial court did not intend to impose probation fees and asks us to vacate

any portions of the record indicating otherwise. The State argues that the record supports the opposite conclusion, *i.e.*, that the trial court intended to impose probation fees. "Generally, sentencing determinations are within the trial court's discretion." *McElroy v. State*, 865 N.E.2d 584, 588 (Ind. 2007). "We review the trial court's sentencing decision for an abuse of that discretion." *Id.* "An abuse of discretion has occurred when the sentencing decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)). "The approach employed by Indiana appellate courts in reviewing sentences in non-capital cases is to examine both the written and oral sentencing statements to discern the findings of the trial court." *McElroy*, 865 N.E.2d at 589. "Rather than presuming the superior accuracy of the oral statement, we examine it alongside the written sentencing statement to assess the conclusions of the trial court." *Id.* "This Court has the option of crediting the statement that accurately pronounces the sentence or remanding for resentencing." *Id.* We conclude that the record supports Louie's interpretation of it.

[5] At sentencing, the trial court unequivocally stated on the record that Louie was "not going to be assessed a probation fee." Tr. Vol. II p. 56. Despite some contradictory indications in documents generated thereafter, much of the documentary record, including the trial court's handwritten minutes from the bench trial and the probation order, is consistent with the trial court's oral statement. In our view, the trial court's handwritten minutes are especially

compelling evidence of its intent, as they could not have been simply copied and pasted onto the page. As for the documents that are inconsistent with the trial court's statement (which could, for the most part, be described as "boilerplate"), we are confident that they represent clerical errors. Given the trial court's unequivocal statement at sentencing and the documents consistent with it, we conclude that it is a true reflection of the trial court's intent. We remand with instructions to revise the record as necessary to reflect the initial imposition of no probation fees. *See Willey v. State*, 712 N.E.2d 434, 446 (Ind. 1999) ("Based on the unambiguous nature of the trial court's oral sentencing pronouncement, we conclude that the [inconsistent] Abstract of Judgment and Sentencing Order contain clerical errors and remand this case for correction of those errors.").[1]

[6] We affirm the judgment of the trial court and remand with instructions.

Bailey, J., and Brown, J., concur.

---

[1] That said, it seems just as clear to us that the trial court intended its initial non-imposition of probation fees to be conditioned on Louie's prompt payment of court costs and resulting qualification for non-reporting probation. This intent is indicated by the trial court's question to Louie about when she would be able to pay her court costs, "because that's going to determine certain probation fees." Tr. Vol. II p. 56. Put another way, while Louie was not ordered to pay any probation fees *initially*, the trial court left open the possibility that she could be ordered to pay probation fees if she does not pay her court costs and qualify for non-reporting probation. We do not wish our decision to be understood as tying the trial court's hands regarding the possible imposition of probation fees in the future.